The opinion of the Court was delivered by
Manning, J.
James Walliug, Jr., died in 1853, and S. II. Cain was appointed administrator of his succession, and gave bond with Joseph Howell as surety. In the same year Cain filed a tableau of- debts, and a petition jwraymg the-sale of property to pay them. The sold property was a tract of land and some lots in the Town of Shreveport, all of which was sold under order of court.
In January, 1861, Cain presented an account of his administration, which was filed, published and homologated March 2 of same year. This account exhibits his entire and complete administration, containing, on the one'side, charges against himself of the full amount of sales of all the property with interest while in his hands; and on the other, credits for the sums paid in extinguishment of the debts of the deceased, law charges, etc., the balance against the administrator being $2,229.07.
In December, 1873, the heirs of the deceased Walling sued Cain’s succession (he having meanwhile died,) in the parish court of 'Caddo, claiming $5,000 therefrom, because of Cain’s administration of their ancestor’s succession, his sale of the property, receipt of its proceeds, and failure to account for it. Judgment was rendered for $2,229.07, these figures being manifestly based on and obtained from Cain’s account.
In April, 1875, the Walling Heirs instituted suit in the District Court of Caddo, against the surety of Cain, Joseph Howell, or his succession, he having also died, alleging the judgment against Cain, and their futile attempt to execute it, and the insolvency of Cain’s succession, and their consequent right to proceed against Howell, his surety. An exception of prematurity was interposed, and prescription was also pleaded. The exception was maintained by the Supreme Court, on ijhe ground that the judgment obtained in the parish court against *1105 Cain was null, for want of jurisdiction of so large á sum, and hence, no; legal effort had been made to make the money out of the principal before the surety was sued. Walling vs. Howell, 28 An. 857.
The plaintiffs had to begin anew.
In May, 1881, they filed a petition in the succession proceedings of their ancestor, calling on Cain’s administrator for an account of his intestate gestión of Walling’s succession. In answer, he filed a copy of the account which Cain had presented twenty years before, and which had been then homologated. It seems to have been again homologated, no change having been made, except to allow interest on the balance admittedly due. Upon this judgment a writ of fieri facias issued — a singular writ to issue against a succession — and the return was nulla bona.
Then the present suit was filed, February 20, 1882, to which, res adjudicata and the prescription of ten years were pleaded, and both were sustained, and hence, this appeal.
The plea of prescription is good. The judgment homologating Cain’s account of his administration was rendered March 2,1861. The first suit of the Walling Heirs against Cain or his succession, for moneys alleged to be due by him because of his administration, was instituted more than twelve years thereafter, i. e., on December 23, 1873.
The plaintiffs contend that the account filed by Cain in 1861 was not a final account; that, in fact, it was advertised as an annual account, and in the judgment of homologation was styled simply an account; in short, that the omission of the descriptive word “ final,” is fatal to the pretension that the account was á complete exhibit of the administrator’s gestión.
The character or quality of legal instruments, or pleadings is not fixed by the name applied to them by court officers or printers. We ascertain what the pleading really is from its contents, and not from the designation given it by the clerk. But, in fact, the administrator had properly styled it in his petition. He*called it “ an account of his administration,” and so it is. Not a partial or annual account — not a, final account, which might imply that it was a continuation of, or addendum to others that had preceded it — but a complete account of his: entire gestión. And when we look into it, we find that it embraces everything that the administrator did, or could have done. The plaintiffs liave treated it as final. Nowhere in these numerous suits have they alleged that anything more was to be done. Cain is not charged with liability for omissions. Their demand against him is for moneys derived from selling the property which, in that account, he acknowledges to have sold, and the judgment they obtained is based *1106 upon the figures he furnishes. The judgment of homologation of 1861 Was a judgment against him for the balance on account. It was a judgment for a named sum of money, and was enforceable against Cain and his property, and is, therefore, susceptible of prescription. Wade vs. Caspari, 24 An. 211.
• If the suit of 1873 was-too late, prescription having been already acquired, it is needless to say the present suit must fail for a like reason. ■ It is not needful to consider the plea of res adjudieata, nor to enter upon the discussion of the force and effect of the Supreme Court decree, annulling, the parish court judgment, since we find the case is with the defendant upon the plea of prescription.
Judgment'affirmed.
Eenner, J., not being present at the argument, took no part in this decision. - ’ . • ’